IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAWRENCE FULTZ, SR. INDIVIDUALLY AND ON                    PLAINTIFFS
BEHALF OF THE WRONGFUL DEATH BENEFICIARIES
OF JAYNELL FULTZ, DECEASED

VS.                                    CAUSE NO.:        3:21-cv-00497-DPJ-FKB

MP CARRIERS, INC., LAITH MOHAMMAD
ALARABIAT, JOHN DOES 1-10                                 DEFENDANTS

ANSWER AND AFFIRMATIVE DEFENSE
AND REQUEST FOR TRIAL BY JURY

COMES NOW, Defendants, MP Carriers, Inc., by and through its attorney of record, and files this its *Answer and Affirmative Defenses and Request for Trial by Jury* to Plaintiff's Complaint, and would show unto the Court the following, to-wit:

1.

Defendant denies the allegations paragraph 1 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit Plaintiff is a resident and domiciled in Louisiana.

2.

Defendant denies the allegations paragraph 2 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit that Jaynell Fultz was a resident and domiciled in Nevada at the time of her death.

3.

Defendant denies the allegations paragraph 3 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

4.

Defendant denies the allegations paragraph 4 of the Complaint as written because defendant is without sufficient information to justify a belief therein.  **Pursuant to Miss. Code Ann. § 11-7-13, Defendant requests that Plaintiff initiate the process of determining heir.**

5.

Defendant denies the allegations paragraph 5 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit Defendant is an Illinois Company.

6.

Defendant denies the allegations paragraph 6 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit Alarabiat is a resident and domiciled in Florida.

7.

Defendant denies the allegations paragraph 7 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

8.

Defendant denies the allegations paragraph 8 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit the accident occurred in Lauderdale County, Mississippi.

9.

Defendant denies the allegations paragraph 9 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit Jaynell Fultz was in a 2019 Nissan Sentra on November 27, 2020 at about 3:18 P.M. C.T.

10.

Defendant denies the allegations paragraph 10 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

11.

Defendant denies the allegations paragraph 11 of the Complaint as written because defendant is without sufficient information to justify a belief therein except to admit that Alarabiat was driving a 2013 Volvo tractor owned and/or leased by Defendant.

12.

Defendant denies the allegations paragraph 12 of the Complaint as written because defendant is without sufficient information to justify a belief therein a collision occurred between the 2013 Volvo tractor and the 2019 Nissan Sentra.

13.

Defendant denies the allegations paragraph 13 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

14.

Defendant denies the allegations paragraph 4 of the Complaint as written because the allegations impermissibly seek a legal conclusion.

15.

Defendant denies the allegations paragraph 15 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

16.

Defendant denies the allegations paragraph 16 of the Complaint, including its subparts.

17.

Defendant denies the allegations paragraph 17 of the Complaint, including its subparts.

18.

Defendant denies the allegations paragraph 18 of the Complaint, including its subparts.

19.

Defendant denies the allegations paragraph 19 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

20.

Defendant denies the allegations paragraph 20 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

21.

Defendant denies the allegations paragraph 21 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

22.

Defendant denies the allegations paragraph 22 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

23.

Defendant denies the allegations paragraph 23 of the Complaint as written because defendant is without sufficient information to justify a belief therein.

24.

Defendant denies the allegations of the unnumbered paragraph following paragraph 23 of the Complaint along with all other allegations not specifically admitted.

25.

Defendant readopts, reavers and incorporates by reference its responses to the averments contained in paragraphs set forth above as if they were set forth in extenso herein.

A.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Defendant, and should be dismissed, as a matter of law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B.

SECOND DEFENSE

Defendant demands trial by jury.

C.

THIRD DEFENSE

Any allegations or averments contained in the Complaint which have not been expressly admitted by the above and foregoing Answer are denied, it being the intent of defendant to controvert all averments not expressly admitted.  Defendant has only recently been given notice of the claim against it, has had no opportunity to conduct a proper investigation, there has been no waiver of the physician/patient privilege by authorization or order of the Court as of the time of the filing of this Answer so as to permit defendant to secure medical records and other information necessary and appropriate for a proper investigation of this claim, and defendant reserves the right to amend its Answer with respect thereto.

D.

FOURTH DEFENSE

Such injuries and damages, if any, as may have been sustained as a result of one or more preexisting diseases, lesions, or conditions of Plaintiff may not be recovered as a matter of law.

E.

FIFTH DEFENSE

Such injuries and damages, if any, as may have been sustained by Plaintiff were not proximately caused by the actions or conduct of Defendant. By way of further plea, Defendant expressly avers that the establishment of a causal connection between the alleged injuries and damages and the conduct of Defendant is an inherent part of the burden of proof of Plaintiff and Plaintiff is required to satisfy this in accordance with the Rules of Evidence.

F.

SIXTH DEFENSE

Such injuries and damages, if any, as may have been sustained by Plaintiff were the result of subsequent intervening or superseding causes or events, and not as a part of or as a result of any involvement by Defendant.

G.

SEVENTH DEFENSE

Should the facts in this case establish that the Plaintiff was negligent with respect to his/her behavior and/or conduct, and should it be established that such negligence, if any, was the sole proximate cause of the injuries and damages alleged by Plaintiff, then Plaintiff may not recover therefor. Alternatively, if such negligence, if any, constituted a proximate contributing

cause to any injuries or damages of Plaintiff, if any, then in such event Defendant avers that the injuries and damages should be reduced in proportion thereto.

## H.

## EIGHTH DEFENSE

Should the evidence in this case establish that either the Plaintiff failed to take reasonable and appropriate steps to reduce, mitigate, or avoid such injuries or damages as he/she may have sustained, Plaintiff may not recover therefor.

## I.

## NINTH DEFENSE

Although it does not believe it has any liability whatsoever to the Plaintiff, said liability being expressly denied, should it be mistaken and should the Plaintiff be entitled to a judgment against it, all of which is denied, in such event, its liability should be reduced in accordance with its proportional fault.

## J.

## TENTH DEFENSE

Plaintiff's injuries and damages, if any, were caused by the acts or omissions of other parties over whom Defendant had no control and for whom Defendant is not legally responsible.

## K.

## ELEVENTH DEFENSE

There is no liability to the extent that the sole proximate cause of the Plaintiff's damages, if any, was result of an act of God, pre-existing injury, disease, damage, lesion, or illness, and that said condition, if any, was a fortuitous occurrence and/or idiosyncratic response, condition which would have occurred in any event, without regard to any actions or conduct of Defendant.

L.

TWELFTH DEFENSE

To the extent that the Complaint seeks punitive damages, any award of punitive damages against Defendant in this action would violate the constitutional rights of Defendant under the United States Constitution and the Mississippi Constitution in at least the following respects:

a.    It would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and due process under Section Fourteen of the Mississippi Constitution in the ways specified in subsection d. and other ways;

b.    It would violate Defendant's rights to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under Section Fourteen of the Mississippi Constitution in the ways specified in subsection d. and other ways;

c.    It would violate federal and state due process unless Plaintiff is required to prove every element of his claim for punitive damages beyond a reasonable doubt;

d.    Mississippi laws on punitive damages: (1) are unconstitutionally vague; (2) are not rationally related to any legitimate governmental interest; (3) establish no consistent, recognizable, or rational standard for submitting punitive damage issues to a jury or for appellate review; (4) do not prohibit the imposition of grossly excessive or arbitrary punishments; (5) do not provide fair notice of the severity of the penalties that may be imposed; (6) do not prohibit the imposition of punitive damages for acts and omissions that occurred outside of Mississippi; (7) do not prohibit imposition of penalties for unrelated, dissimilar and independent acts and omissions; (8) do not prohibit multiple punitive damages awards for the same conduct; and (9) do not require that there be any reasonable ratio or relationship of punitive damages to actual damages;

e.      It would violate Defendant's right not to be subjected to an excessive award in violation

of the Eighth Amendment to the United States Constitution and Section Twenty-Eight of

the Mississippi Constitution;

f.      It would violate the prohibitions of the United States Constitution and the Mississippi

Constitution on ex post facto laws;

g.      It would violate the right of Defendant to equal protection under the law as guaranteed by

the United States Constitution and the Mississippi Constitution; and being in the nature of

a penal or criminal sanction, any award of punitive damages that does not provide

Defendant with the procedural and substantive safeguards applicable to criminal

proceedings would violate the United States Constitution and the Mississippi

Constitution.

## M.

## THIRTEENTH DEFENSE

The Plaintiff, who failed to exercise reasonable and ordinary care for his/her own safety

with respect thereto, and Plaintiff should not be entitled to recover any sum whatsoever with

respect to Plaintiff's comparative negligence.

## N.

## FOURTEENTH DEFENSE

This Defendant pleads all rights to set-off and credit available under state law.

## O.

## FIFTEENTH DEFENSE

Should Plaintiff recover from Defendant, which is denied, such recovery should be

apportioned to the extent that the damages alleged in Plaintiff's Complaint may be found to be

attributable to the negligence or fault of others, including but not limited to the provisions of Miss. Code Ann. § 85-5-7.

## P.

## SIXTEENTH DEFENSE

Defendant asserts the provisions of Miss. Code Ann § 11-1-60, including but not limited to the limitations on non-economic damages.

## Q.

## SEVENTEENTH DEFENSE

Defendant asserts the provisions of Miss. Code Ann § 11-1-69, including but not limited to the restrictions on hedonic damages.

## R.

## EIGHTEENTH DEFENSE

This Defendant asserts the protections and defenses of the doctrine of spoliation of evidence.

## S.

## NINETEENTH DEFENSE

Defendant reserves the right to adopt and assert any affirmative defense pled by any other defendant in this case.

## T.

## TWENTIETH DEFENSE

Defendant asserts any and all defenses available and which may be applicable pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure.

U.

TWENTY-FIRST DEFENSE

This Defendant asserts any and all defenses available and which may be applicable pursuant to Rule 12 of the Federal Rules of Civil Procedure.

V.

TWENTY-THIRDDEFENSE

This Defendant hereby pleads any and all defenses available which may be applicable pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

W.

TWENTY-THIRD DEFENSE

This Defendant raises and pleads the statute of limitations found in Miss. Code Ann. § 15-1-49.

X.

TWENTY-FOURTH DEFENSE

This Defendant would show that the Plaintiff's claims for punitive damages does not conform with the standards set forth in State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), Cooper Industries v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW v. Gore, 514 U.S. 559 (1996); and MIC Life Ins. Co., et al. v. Hicks, 1998-CT-01217-SCT, Mississippi Supreme Court (en banc) (July 25, 2002). Defendant asserts all rights and defenses prescribed in these cases and their progeny.

Y.

TWENTY-FIFTH DEFENSE

Defendant pleads the applicable provisions of Miss. Code Ann., § 11-1-65 to the extent that the Plaintiff alleges a cause of action for punitive damages.

Z.

TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, confirmation, compromise, accord and satisfaction, recoupment, compensation or setoff.

AA.

TWENTY-SEVENTH DEFENSE

Defendant asserts that it breached no duty and/or obligation arguably owed to the plaintiff and at all time acted within the standard of care.

BB.

TWENTY-EIGHTH DEFENSE

Defendant reserves the right to file all claims allowed by F.R.C.P. 13 and 14.

CC.

TWENTY-NINTH DEFENSE

Defendant asserts that it is entitled to a more definite statement as the Complaint alleges Defendant committed other acts of negligence to be shown at trial.  Such an allegation does not supply sufficient information for Defendant to prepare a proper defense.

CC.

THIRTIETH DEFENSE

Defendant asserts Miss. Code Ann. § 11-7-15.

CC.

THIRTY-FIRST DEFENSE

Defendant asserts Miss. Code Ann. § 11-7-13.

WHEREFORE, premises considered, Defendant, MP Carriers, Inc., respectfully request that, after due proceedings are had, that Judgment be rendered in favor of MP Carriers, Inc., and against the Plaintiff's costs along with all other relief, equitable or otherwise, that Defendant, MP Carriers, Inc., is entitled under the law.

Respectfully submitted,

LAW OFFICES OF JULIE E. VAICIUS

/S/ Philip G. Smith

_____
PHILIP G. SMITH (101841)
3900 N. Causeway Blvd., Suite 1040
Metairie, Louisiana 70002
Telephone: (504) 836-2771
Facsimile: (877) 369-4892
Philip.smith@thehartford.com
Attorneys for Defendant

CERTIFICATE OF SERVICE

The undersigned counsel hereby certify that on this day I electronically filed the

foregoing pleading with the Clerk of the Court using the ECF system which sent notification of

such filing to all counsel of record.

Kenneth Altman, Esq.
1712 15th Street, Ste. 300
Gulfport, MS 39501
(228) 276-0308
(228) 865-7885
KAltman@morrisbart.com
Counsel for plaintiff

/S/ Philip G. Smith
_____

PHILIP G. SMITH (101841)